# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC D/B/A | § | |
| BRAZOS LICENSING AND | § | CIVIL ACTION 6:20-cv-00454-ADA |
| DEVELOPMENT, | § | CIVIL ACTION 6:20-cv-00455-ADA |
| *Plaintiff*, | § | CIVIL ACTION 6:20-cv-00456-ADA |
| | § | CIVIL ACTION 6:20-cv-00457-ADA |
| | § | CIVIL ACTION 6:20-cv-00458-ADA |
| | § | CIVIL ACTION 6:20-cv-00459-ADA |
| v. | § | CIVIL ACTION 6:20-cv-00460-ADA |
| | § | CIVIL ACTION 6:20-cv-00461-ADA |
| | § | CIVIL ACTION 6:20-cv-00462-ADA |
| | § | CIVIL ACTION 6:20-cv-00463-ADA |
| MICROSOFT CORPORATION, | § | CIVIL ACTION 6:20-cv-00464-ADA |
| *Defendant.* | § | CIVIL ACTION 6:20-cv-00465-ADA |

## SCHEDULING ORDER

| Date | Item |
|---|---|
| **September 18, 2020** | Case Management Conference |
| **October 2, 2020** (2 weeks after the CMC) | Deadline for Motions to Transfer |
| **November 6, 2020** (7 weeks after the CMC) | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101.  Defendant shall also produce (1) all prior art referenced in the invalidity contentions, (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s), and (3) summary, annual sales information for the accused product(s) for the two years preceding the filing of the Complaint, unless the parties agree to some other timeframe. |

| | |
|---|---|
| **November 20, 2020**<br>(9 weeks after the CMC) | Parties exchange claim terms for construction. |
| **December 4, 2020**<br>(11 weeks after the CMC) | Parties exchange proposed claim constructions. |
| **December 11, 2020**<br>(12 weeks after the CMC) | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon in their opening brief with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony. With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| **December 18, 2020**<br>(13 weeks after the CMC) | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| **January 8, 2021**<br>(16 weeks after the CMC) | Parties file Opening claim construction briefs, including any arguments that any claim terms are indefinite. |
| **January 22, 2021**<br>(18 weeks after the CMC) | The parties shall disclose the identity of any rebuttal expert witness they may rely upon in their response brief with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony. |
| **January 29, 2021**<br>(19 weeks after the CMC) | Parties file Responsive claim construction briefs. |
| **February 12, 2021**<br>(21 weeks after the CMC) | Parties file Reply claim construction briefs. |
| **February 19, 2021**<br>(22 weeks after CMC) | Parties submit Joint Claim Construction Statement and provide copies of briefs to the Court.<br><br>See General Issues Note #8 regarding providing copies of the briefing to the Court and the technical adviser (if appointed) |

| **February 25, 2021**<br>(23 weeks after CMC) | Parties submit option technical tutorials to the Court and technical advisor (if appointed). |
|---|---|
| **March 4 – 5, 2021** | *Markman* hearing at 9:00 a.m. |
| **March 8, 2021**<br>(1 business day after *Markman* hearing) | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| **April 16, 2021**<br>(6 weeks after *Markman*) | Deadline to add parties. |
| **April 30, 2021**<br>(8 weeks after *Markman*) | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to Infringement o Invalidity contentions. This deadline does not relieve the Parties of their obligation to seasonably amend if new information is identified after initial contentions. |
| **June 24, 2021**<br>(16 weeks after *Markman*) | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or patent claims. (Note: This includes amendments in response to a 12(c) motion.) |
| **September 2, 2021**<br>(26 weeks after *Markman*) | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court's Law Clerk to arrange a teleconference with the Court to resolve the disputed issues. |
| **September 30, 2021**<br>(30 weeks after *Markman*) | Close of Fact Discovery. |
| **October 7, 2021**<br>(31 weeks after *Markman*) | Opening Expert Reports. |
| **November 4, 2021**<br>(35 weeks after *Markman*) | Rebuttal Expert Reports. |
| **November 25, 2021**<br>(38 weeks after *Markman*) | Close of Expert Discovery. |
| **December 2, 2021**<br>(39 weeks after *Markman*) | Deadline for he second of two meet and confers to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. To the extent it helps the parties determine these limits, the parties are encouraged to contact the Court's Law Clerk for an estimate of the amount of trial |

| | |
|---|---|
| | time anticipated per side. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| **December 9, 2021**<br>(40 weeks after *Markman*) | Dispositive motion deadline and *Daubert* motion deadline.<br><br>See General Issues Note #8 regarding providing copies of the briefing to the Court and the technical adviser (if appointed). |
| **December 23, 2021**<br>(42 weeks after *Markman*) | Serve Pretrial Disclosures (jury instructions, exhibit lists, witness lists, discovery and deposition designations). |
| **January 6, 2022**<br>(44 weeks after *Markman*) | Serve objections to pretrial disclosures/rebuttal disclosures. |
| **January 13, 2022**<br>(45 weeks after *Markman*) | Serve objections to rebuttal disclosures and file motions *in limine*. |
| **January 20, 2022**<br>(46 weeks after *Markman*) | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibit lists, witness lists, discovery and deposition designations); file oppositions to motions *in limine*. |
| **January 27, 2022**<br>(47 weeks after *Markman*) | File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Kristie Davis at kmdaviscsr@yahoo.com.<br><br>Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |
| **February 7, 2022**<br>(3 business days before Final Pretrial Conference) | File joint notice identifying remaining objections to pretrial disclosures and disputes on motion *in limine*. |
| **February 10, 2022**<br>(49 weeks after *Markman*) | Final Pretrial Conference. The Court expects to set this date at the conclusion of the Markman Hearing. |

| | |
|---|---|
| **March 3, 2022**<br>(52 weeks after *Markman*) | Jury Selection/Trial. The Court expects to set this date at the conclusion of the Markman Hearing. |

SIGNED this __19th__ day of __October__, 2020

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE