# EXHIBIT H

PATENT

### IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Application No.:      11/393,900

Filing Date:         March 31, 2006

Applicant:           Girish P. Chandranmenon et al

Group Art Unit:      2452

Examiner:            Neeraj K. Utreja

Title:               METHODS AND DEVICES FOR MAINTAINING SESSIONS BASED ON
                     PRESENCE STATUS INFORMATION

Attorney Docket:     129250-002209/US

---

Customer Service Window                                          July 10, 2009
Randolph Building
401 Dulany Street
Alexandria, VA  22314
**Mail Stop Amendment**


### Response

Sir/Madam:

In response to the Office Action mailed April 14, 2009, the Applicants submit the following Response.

A **claim listing** begins on page 2 of this paper.

**Remarks** begin on page 5 of this paper.

|              | Claims remaining after Amendment |   | Highest number previously paid for |   | Present extra |
|--------------|:--------------------------------:|:-:|:-----------------------------------:|:-:|:-------------:|
| **Total**       | 21 | - | 25 | = | 0 |
| **Independent** | 5  | - | 5  | = | 0 |

Application No. 11/393,900
Docket No. 129250-002209/US

## IN THE CLAIMS

The following is a complete listing of claims with a status identifier in parenthesis. Applicants note that claims 3, 8, 17 and 21 have been cancelled without prejudice to, or disclaimer of, their subject matter. The subject matter of these claims has been made a part of claim 1, 7, 15, or 20, respectively.

### LISTING OF CLAIMS

1.      (Currently Amended) A method for maintaining a session comprising:

monitoring a presence status of a client in an on-line game; and

maintaining [[a]] an on-line gaming session on behalf of [[a]] the client even when the status indicates the client is  inactive.

2.      (Original) The method as in claim 1 further comprising forwarding messages to the client when the client is active, wherein the messages were received when the client was inactive.

3.      (Canceled).

4.      (Original) The method as in claim 2 wherein the messages are forwarded wirelessly.

5.      (Original) The method as in claim 1 further comprising collecting presence status information concerning one or more third party  users even when the client is inactive.

6.      (Original) The method as in claim 1 further comprising forwarding messages to the client in order to update one or more indicators, wherein at least one of the indicators is associated with presence status information of one or more third party users.

7.      (Currently Amended) A method for communicating with a proxy agent comprising:

forwarding a request to initiate [[a]] an on-line gaming session to a proxy agent; and

receiving messages from the proxy agent during an active presence state, wherein the messages were received by the agent when the client was inactive.

8.      (Canceled).

9.      (Original) The method as in claim 7 further comprising exchanging signaling messages with the proxy agent using short binary messages.

10.      (Original) The method as in claim 7 wherein the request is forwarded wirelessly.

11.      (Original) The method as in claim 7 further comprising receiving one or more messages from the agent, wherein at least one of the messages is used to update at least one indicator associated with presence status information of one or more third party users.

12.      (Currently Amended) A  method for forming one or more groups associated with one or more sessions comprising:

Application No. 11/393,900
Docket No. 129250-002209/US

receiving one or more identities of one or more third party users;

comparing profiles of the identified third party users, with attributes of a request to initiate [[a]] an online gaming session, to determine if any of the third party users are qualified to participate in the session; and forming a group containing those third party users that qualify to participate in the session along with a user that initiated the request.

13.      (Original) The method as in claim 12 further comprising:

adding each third party user that has the substantially same skill level as that required by the request to the group.

14.      (Original) The method as in claim 12 further comprising:

forwarding requirements of a request on to a third party lobby to identify third party users that satisfy the request;

receiving an identification of each third party user that satisfies the request; and

forming a group containing those third party users that satisfy the request along with a user that initiated the request.

15.      (Currently Amended) A system for maintaining a session, the system comprising an agent operable to:

monitor a presence status of a client in an on-line game; and

maintain [[a]] an on-line gaming session on behalf of [[a]] the client even when the status indicates the client is  inactive.

16.      (Original) The system as in claim 15 further operable to forward messages to the client when the client is active, wherein the messages were received when the client was inactive.

17.      (Canceled).

18.      (Original) The system as in claim 16 further operable to forward the messages wirelessly.

19.      (Original) The system as in claim 15 further operable to forward messages to the client in order to update one or more indicators, wherein at least one of the indicators is associated with presence status information of one or more third party users.

20.      (Currently Amended) A device for communicating with a proxy agent operable to:

forward a request to initiate [[a]] an on-line gaming session to a proxy agent; and

receive messages from the proxy agent during an active presence state, wherein the messages were received by the agent when the client was inactive.

21.      (Canceled).

22.      (Original) The device as in claim 20 further operable to exchange signaling messages with the proxy agent using short binary messages.

23.      (Original) The device as in claim 20 further operable to forward the request wirelessly.

Application No. 11/393,900
Docket No. 129250-002209/US

24.      (Original) The device as in claim 20 receive one or more messages from the agent, wherein at least one of the messages is used to update at least one indicator associated with presence status information of one or more third party users.

25.      (Original) The system as in claim 15 further comprising a lobby, the lobby operable to:

   receive one or more identities of one or more third party users;

   compare profiles of the identified third party users, with attributes of a request to initiate a session, to determine if any of the third party users are qualified to participate in the session; and

   form a group containing those third party users that qualify to participate in the session along with a user that initiated the request.

Application No. 11/393,900
Docket No. 129250-002209/US

## REMARKS

### A.      The Section 102 Rejections Based on Shah

Claims 1, 2, 4, 5-7, 9-11, 15, 16, 18-20 and 22-24 were rejected under 35 U.S.C. §102(e) as being anticipated by Shah et al., U.S. Patent Application Publication No. 2005/0071433 ("Shah").  Applicants respectfully disagree and traverse these rejections for at least the following reasons.

#### (i) claims 1, 2, 4, 5, 6, 15, 16, 18 and 19

Of the rejected claims, claims 1 and 15 are independent claims.  It is to these claims that Applicants now turn, it being understood that the remarks which follow apply equally to claims 2, 4, 5, 6, 16, 18 and 19 because these claims depend on claim 1 or 15, respectively.

Claims 1 and 15 each include the feature of the maintenance of a session comprising: (i) monitoring a presence status of a client in an on-line game; and (2) maintaining an on-line gaming session on behalf of the client even when the status indicates the client is inactive.

Shah does not disclose such features. In fact, Shah appears to be completely silent with respect to on-line gaming. Instead, Shah appears to be directed at instant messaging (IM).

In another part of the Office Action (page 12) the Examiner appears to take "Official Notice" that "on-line game session that allows a user to play a game within one session of a system is known in the art." To the extent that the Examiner is taking Official Notice the Applicants note the following.

To begin with, the Court of Appeals for the Federal Circuit has stated that it is never appropriate to rely solely on common knowledge in the art without evidentiary support in the record as the principal evidence upon which a rejection is based (see MPEP §2144.03 and, for example, *In re R.E, Zurko*, 258 F.3d 1379, 1385, 59 USPQ2d 1693, 1697 (Fed. Cir. 2001).  Because the Office Action sets forth no evidentiary support for this rejection, this rejection is improper and should be withdrawn.

Further, the Applicants note that even if prior art on-line gaming sessions that "allow a user to play a game within one session of a system" are known, the claims are directed at subject matter that is not know in the art, namely: monitoring a presence status of a client in an on-line game; and (2) maintaining an on-line gaming session on behalf of the client even when the status indicates the client is inactive.

Yet further, Applicants submit that Shah does not appear to discloses or suggest on-line gaming. As just alluded to above, the Applicants submit that this claim element in combination with the other elements in independent claims 1 and 15 are not well known or capable of instant and unquestionable demonstration as being well known (see, for example, *In re Ahlert*, 424 F.2d 1088,1091, 165 USPQ 418,420-21 (CCPA 1970)).  Absent some evidentiary support or citation to some reference which recognizes that these claim features are standard and well known in the art, the rejection of the above-

Application No. 11/393,900
Docket No. 129250-002209/US

listed claims must be withdrawn.

### (ii) claims 7, 9-11, 20 and 22-24

Of the rejected claims, claims 7 and 20 are independent claims. It is to these claims that Applicants now turn, it being understood that the remarks which follow apply equally to claims 9-11 and 22-24 because these claims depend on claim 7 or 20, respectively.

Claims 7 and 20 each include the feature of forwarding a request to initiate an on-line gaming session to a proxy agent.

Shah does not disclose such features. In fact, Shah appears to be completely silent with respect to on-line gaming. Instead, Shah appears to be directed at IM.

In another part of the Office Action (page 12) the Examiner appears to take "Official Notice" that "on-line game session that allows a user to play a game within one session of a system is known in the art." To the extent that the Examiner is taking Official Notice the Applicants note the following.

To begin with, the Court of Appeals for the Federal Circuit has stated that it is never appropriate to rely solely on common knowledge in the art without evidentiary support in the record as the principal evidence upon which a rejection is based (see MPEP §2144.03 and, for example, *In re R.E, Zurko*, 258 F.3d 1379, 1385, 59 USPQ2d 1693, 1697 (Fed.Cir. 2001). Because the Office Action sets forth no evidentiary support for this rejection, this rejection is improper and should be withdrawn.

Further, the Applicants note that even if prior art on-line gaming sessions that "allow a user to play a game within one session of a system" are known, the claims are directed at subject matter that is not know in the art, namely, forwarding a request to initiate an on-line gaming session to a proxy agent.

Yet further, Applicants submit that Shah does not appear to discloses or suggest on-line gaming. As alluded to above, the Applicants submit that this claim element in combination with the other elements in independent claims 7 and 20 are not well known or capable of instant and unquestionable demonstration as being well known (see, for example, *In re Ahlert*, 424 F.2d 1088,1091, 165 USPQ 418,420-21 (CCPA 1970)). Absent some evidentiary support or citation to some reference which recognizes that these claim features are standard and well known in the art, the rejection of the above-listed claims must be withdrawn.

Accordingly, because Shah does not disclose each and every feature of the claims it cannot anticipate the claims under 35 U.S.C. §102(e). Applicants respectfully request withdrawal of the pending rejections and allowance of claims 1, 2, 4, 5-7, 9-11, 15, 16, 18-20 and 22-24.

Application No. 11/393,900
Docket No. 129250-002209/US

**B.**     <u>The Section 102 Rejections Based on Digate</u>

Claims 12-14 were rejected under 35 U.S.C. §102(b) as being anticipated by Digate et al., U.S. Patent Application Publication No. 2004/0162881 ("Digate").   Applicants respectfully disagree and traverse these rejections for at least the following reasons.

Of the rejected claims, claim 12 is independent.  It is to this claim that Applicants now turn, it being understood that the remarks which follow apply equally to claims 13 and 14.

Claim 12 includes the feature of comparing profiles of identified third party users, with attributes of a request to initiate an online gaming session, to determine if any of the third party users are qualified to participate in the session. In contrast, Digate is directed at IM and telephone calls (see Digate's *Abstract*, for example).

In another part of the Office Action (page 12) the Examiner appears to take "Official Notice" that "on-line game session that allows a user to play a game within one session of a system is known in the art." To the extent that the Examiner is taking Official Notice the Applicants note the following.

To begin with, the Court of Appeals for the Federal Circuit has stated that it is never appropriate to rely solely on common knowledge in the art without evidentiary support in the record as the principal evidence upon which a rejection is based (see MPEP §2144.03 and, for example, *In re R.E, Zurko*, 258 F.3d 1379, 1385, 59 USPQ2d 1693, 1697 (Fed.Cir. 2001).   Because the Office Action sets forth no evidentiary support for this rejection, this rejection is improper and should be withdrawn.

Further, the Applicants note that even if prior art on-line gaming sessions that "allow a user to play a game within one session of a system" are known, the claims are directed at subject matter that is not know in the art, namely, comparing profiles of identified third party users, with attributes of a request to initiate an online gaming session, to determine if any of the third party users are qualified to participate in the session.

Yet further, Applicants submit that Digate does not appear to discloses or suggest on-line gaming. The Applicants also submit that this claim element in combination with the other elements in independent claim 12 are not well known or capable of instant and unquestionable demonstration as being well known (see, for example, *In re Ahlert*, 424 F.2d 1088,1091, 165 USPQ 418,420-21 (CCPA 1970)).  Absent some evidentiary support or citation to some reference which recognizes that these claim features are standard and well known in the art, the rejection of the above-listed claims must be withdrawn.

Accordingly, because Digate does not disclose each and every feature of the claims it cannot anticipate the claims under 35 U.S.C. §102(e). Applicants respectfully request withdrawal of the pending rejections and allowance of claims 12-14.

Application No. 11/393,900
Docket No. 129250-002209/US

**C.)**     **The Section 103 Rejections Based on Shah**

Claims 3, 8, 17 and 21 were rejected under 35 U.S.C. §103(a) based on Shah. Applicants disagree and traverse these rejections for at least the following reasons.

Applicants note that claims 3, 8, 17 and 21 have been cancelled without prejudice to, or disclaimer of, their subject matter. The subject matter of these claims has been made a part of claim 1, 7, 15, or 20, respectively.

**D.)**     **The Section 103 Rejection Based on Digate**

Claim 25 was rejected under 35 U.S.C. §103(a) based on Digate. Applicants disagree and traverse this rejection for at least the following reasons.

Because claim 25 depends on claim 15 and because Digate does not make up for the deficiencies of Shah set forth above, the Applicants respectfully submit that claim 25 is patentable over Digate for the reasons set forth above with respect to claim 15.

Accordingly, Applicants respectfully request withdrawal of the pending rejection and allowance of claim 25.

Should there be any outstanding matters that need to be resolved in the present application the Examiner is respectfully requested to contact John E. Curtin at the telephone number listed below.

If necessary, the Commissioner is hereby authorized in this, concurrent, and future replies, to charge payment or credit any overpayment to Deposit Account No. 50-3777 for any additional fees required under 37 C.F.R. § 1.16 or under 37 C.F.R. § 1.17; particularly, extension of time fees.


Respectfully submitted,

**CAPITOL PATENT & TRADEMARK LAW FIRM, PLLC.**

By:     /John E. Curtin/

John E. Curtin, Reg. No. 37,602
P.O. Box 1995
Vienna, Virginia 22183
(703) 266-3330

Application No. 11/393,900
Docket No. 129250-002209/US

## REMARKS

### A.      The Section 102 Rejections Based on Shah

Claims 1, 2, 4, 5-7, 9-11, 15, 16, 18-20 and 22-24 were rejected under 35 U.S.C. §102(e) as being anticipated by Shah et al., U.S. Patent Application Publication No. 2005/0071433 ("Shah").  Applicants respectfully disagree and traverse these rejections for at least the following reasons.

#### (i) claims 1, 2, 4, 5, 6, 15, 16, 18 and 19

Of the rejected claims, claims 1 and 15 are independent claims.  It is to these claims that Applicants now turn, it being understood that the remarks which follow apply equally to claims 2, 4, 5, 6, 16, 18 and 19 because these claims depend on claim 1 or 15, respectively.

Claims 1 and 15 each include the feature of the maintenance of a session comprising: (i) monitoring a presence status of a client in an on-line game; and (2) maintaining an on-line gaming session on behalf of the client even when the status indicates the client is inactive.

Shah does not disclose such features. In fact, Shah appears to be completely silent with respect to on-line gaming. Instead, Shah appears to be directed at instant messaging (IM).

In another part of the Office Action (page 12) the Examiner appears to take "Official Notice" that "on-line game session that allows a user to play a game within one session of a system is known in the art." To the extent that the Examiner is taking Official Notice the Applicants note the following.

To begin with, the Court of Appeals for the Federal Circuit has stated that it is never appropriate to rely solely on common knowledge in the art without evidentiary support in the record as the principal evidence upon which a rejection is based (see MPEP §2144.03 and, for example, *In re R.E, Zurko*, 258 F.3d 1379, 1385, 59 USPQ2d 1693, 1697 (Fed. Cir. 2001).  Because the Office Action sets forth no evidentiary support for this rejection, this rejection is improper and should be withdrawn.

Further, the Applicants note that even if prior art on-line gaming sessions that "allow a user to play a game within one session of a system" are known, the claims are directed at subject matter that is not know in the art, namely: monitoring a presence status of a client in an on-line game; and (2) maintaining an on-line gaming session on behalf of the client even when the status indicates the client is inactive.

Yet further, Applicants submit that Shah does not appear to discloses or suggest on-line gaming. As just alluded to above, the Applicants submit that this claim element in combination with the other elements in independent claims 1 and 15 are not well known or capable of instant and unquestionable demonstration as being well known (see, for example, *In re Ahlert*, 424 F.2d 1088,1091, 165 USPQ 418,420-21 (CCPA 1970)).  Absent some evidentiary support or citation to some reference which recognizes that these claim features are standard and well known in the art, the rejection of the above-

Application No. 11/393,900
Docket No. 129250-002209/US

listed claims must be withdrawn.

### (ii) claims 7, 9-11, 20 and 22-24

Of the rejected claims, claims 7 and 20 are independent claims.  It is to these claims that Applicants now turn, it being understood that the remarks which follow apply equally to claims 9-11 and 22-24 because these claims depend on claim 7 or 20, respectively.

Claims 7 and 20 each include the feature of forwarding a request to initiate an on-line gaming session to a proxy agent.

Shah does not disclose such features. In fact, Shah appears to be completely silent with respect to on-line gaming. Instead, Shah appears to be directed at IM.

In another part of the Office Action (page 12) the Examiner appears to take "Official Notice" that "on-line game session that allows a user to play a game within one session of a system is known in the art." To the extent that the Examiner is taking Official Notice the Applicants note the following.

To begin with, the Court of Appeals for the Federal Circuit has stated that it is never appropriate to rely solely on common knowledge in the art without evidentiary support in the record as the principal evidence upon which a rejection is based (see MPEP §2144.03 and, for example, *In re R.E, Zurko*, 258 F.3d 1379, 1385, 59 USPQ2d 1693, 1697 (Fed.Cir. 2001).  Because the Office Action sets forth no evidentiary support for this rejection, this rejection is improper and should be withdrawn.

Further, the Applicants note that even if prior art on-line gaming sessions that "allow a user to play a game within one session of a system" are known, the claims are directed at subject matter that is not know in the art, namely, forwarding a request to initiate an on-line gaming session to a proxy agent.

Yet further, Applicants submit that Shah does not appear to discloses or suggest on-line gaming. As alluded to above, the Applicants submit that this claim element in combination with the other elements in independent claims 7 and 20 are not well known or capable of instant and unquestionable demonstration as being well known (see, for example, *In re Ahlert*, 424 F.2d 1088,1091, 165 USPQ 418,420-21 (CCPA 1970)).  Absent some evidentiary support or citation to some reference which recognizes that these claim features are standard and well known in the art, the rejection of the above-listed claims must be withdrawn.

Accordingly, because Shah does not disclose each and every feature of the claims it cannot anticipate the claims under 35 U.S.C. §102(e). Applicants respectfully request withdrawal of the pending rejections and allowance of claims 1, 2, 4, 5-7, 9-11, 15, 16, 18-20 and 22-24.

Application No. 11/393,900
Docket No. 129250-002209/US

**B.      The Section 102 Rejections Based on Digate**

Claims 12-14 were rejected under 35 U.S.C. §102(b) as being anticipated by Digate et al., U.S. Patent Application Publication No. 2004/0162881 ("Digate").   Applicants respectfully disagree and traverse these rejections for at least the following reasons.

Of the rejected claims, claim 12 is independent.  It is to this claim that Applicants now turn, it being understood that the remarks which follow apply equally to claims 13 and 14.

Claim 12 includes the feature of comparing profiles of identified third party users, with attributes of a request to initiate an online gaming session, to determine if any of the third party users are qualified to participate in the session. In contrast, Digate is directed at IM and telephone calls (see Digate's *Abstract*, for example).

In another part of the Office Action (page 12) the Examiner appears to take "Official Notice" that "on-line game session that allows a user to play a game within one session of a system is known in the art." To the extent that the Examiner is taking Official Notice the Applicants note the following.

To begin with, the Court of Appeals for the Federal Circuit has stated that it is never appropriate to rely solely on common knowledge in the art without evidentiary support in the record as the principal evidence upon which a rejection is based (see MPEP §2144.03 and, for example, *In re R.E, Zurko*, 258 F.3d 1379, 1385, 59 USPQ2d 1693, 1697 (Fed.Cir. 2001).   Because the Office Action sets forth no evidentiary support for this rejection, this rejection is improper and should be withdrawn.

Further, the Applicants note that even if prior art on-line gaming sessions that "allow a user to play a game within one session of a system" are known, the claims are directed at subject matter that is not know in the art, namely, comparing profiles of identified third party users, with attributes of a request to initiate an online gaming session, to determine if any of the third party users are qualified to participate in the session.

Yet further, Applicants submit that Digate does not appear to discloses or suggest on-line gaming. The Applicants also submit that this claim element in combination with the other elements in independent claim 12 are not well known or capable of instant and unquestionable demonstration as being well known (see, for example, *In re Ahlert*, 424 F.2d 1088,1091, 165 USPQ 418,420-21 (CCPA 1970)).  Absent some evidentiary support or citation to some reference which recognizes that these claim features are standard and well known in the art, the rejection of the above-listed claims must be withdrawn.

Accordingly, because Digate does not disclose each and every feature of the claims it cannot anticipate the claims under 35 U.S.C. §102(e). Applicants respectfully request withdrawal of the pending rejections and allowance of claims 12-14.

Application No. 11/393,900
Docket No. 129250-002209/US

**C.)**     <u>The Section 103 Rejections Based on Shah</u>

Claims 3, 8, 17 and 21 were rejected under 35 U.S.C. §103(a) based on Shah. Applicants disagree and traverse these rejections for at least the following reasons.

Applicants note that claims 3, 8, 17 and 21 have been cancelled without prejudice to, or disclaimer of, their subject matter. The subject matter of these claims has been made a part of claim 1, 7, 15, or 20, respectively.

**D.)**     <u>The Section 103 Rejection Based on Digate</u>

Claim 25 was rejected under 35 U.S.C. §103(a) based on Digate. Applicants disagree and traverse this rejection for at least the following reasons.

Because claim 25 depends on claim 15 and because Digate does not make up for the deficiencies of Shah set forth above, the Applicants respectfully submit that claim 25 is patentable over Digate for the reasons set forth above with respect to claim 15.

Accordingly, Applicants respectfully request withdrawal of the pending rejection and allowance of claim 25.

Should there be any outstanding matters that need to be resolved in the present application the Examiner is respectfully requested to contact John E. Curtin at the telephone number listed below.

If necessary, the Commissioner is hereby authorized in this, concurrent, and future replies, to charge payment or credit any overpayment to Deposit Account No. 50-3777 for any additional fees required under 37 C.F.R. § 1.16 or under 37 C.F.R. § 1.17; particularly, extension of time fees.

Respectfully submitted,

**CAPITOL PATENT & TRADEMARK LAW FIRM, PLLC.**

By:      /John E. Curtin/

John E. Curtin, Reg. No. 37,602
P.O. Box 1995
Vienna, Virginia 22183
(703) 266-3330